UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE THE APPLICATION OF REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR ACCESS TO CERTAIN SEALED COURT RECORDS**<br><br>1156 15th Street NW<br>Suite 1250<br>Washington, D.C. 20005 | Misc. Action No. _____<br><br>Related to:<br>Criminal No. 1:16-cr-00188-RJL<br><br>**Oral Argument Requested** |

**APPLICATION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR PUBLIC ACCESS TO CERTAIN SEALED COURT RECORDS**

1.  The Reporters Committee for Freedom of the Press (the "Reporters Committee" or "Applicant") respectfully moves this Court for an Order unsealing certain court records related to the United States government's completed criminal investigation and prosecution of James E. Cartwright ("Cartwright") (hereinafter, the "Cartwright Matter"). The Reporters Committee seeks to unseal any and all applications and supporting documents, including affidavits, seeking any of the following; any court orders granting or denying any of the following; and any other court records related to the following, such as returns, motions to seal, miscellaneous dockets and docket entries:

  (a) any search warrant, regardless of whether the warrant was issued or executed, and including warrants under the Stored Communications Act ("SCA"), *see* 18 U.S.C. §§ 2703, related to the Cartwright Matter (collectively, the "Search Warrant Materials");

  (b) authorization for the use of any pen register or trap and trace device pursuant to 18 U.S.C. §§ 3121–3127, regardless of whether such authorization was granted or a pen

register or trap and trace device was used, related to the Cartwright Matter (collectively, the "PR/TT Materials"); and

(c) any order pursuant to 18 U.S.C. § 2703(d) of the SCA, regardless of whether or not the order was issued or executed, related to the Cartwright Matter (collectively, the "Section 2703(d) Materials").

2.     Upon information and belief, the materials subject to this Application were filed in a number of separate, miscellaneous matters, each of which was assigned a unique docket number.  The Reporters Committee does not know and cannot ascertain based on publicly available information the docket numbers of the miscellaneous matters that fall within the scope of this Application.

## INTEREST OF THE APPLICANTS

3.     The Reporters Committee is an unincorporated nonprofit association of reporters and editors dedicated to safeguarding the First Amendment rights and freedom of information interests of the news media and the public.  The Reporters Committee has participated as a party and as *amicus curiae* in First Amendment and freedom of information litigation since 1970.  The Reporters Committee frequently represents the interests of the press and the public in court cases involving access to judicial proceedings and court records.

4.     The Reporters Committee, like all members of the public and the press, has a strong interest in observing and understanding the consideration and disposition of matters by federal district courts.  That interest is heightened when the federal government is a party.

5.     The public and the press also have a powerful interest in obtaining access to court documents concerning judicial authorization for the use of law enforcement tools that allow the government to collect or otherwise obtain electronic communications and/or electronic

communications records. Where the government obtains a search warrant allowing it to collect such information, and especially where—as in the case of orders pursuant to 18 U.S.C. § 2703(d) of the SCA and orders authorizing the use of pen registers and/or trap and trace devices—no warrant is required for the government to obtain such information, judicial oversight and, in turn, public oversight of the judicial process, is necessary to guard against government overreach.

6. In addition, the public and the press have a particularly strong interest in access to court records related to the government's investigation and prosecution of Cartwright, a retired United States Marine Corps four-star general and former vice chairman of the Joint Chiefs of Staff who in 2016 was indicted on charges that arose from alleged communications he had with members of the news media.

## BACKGROUND FACTS

7. Applicant is informed and believes that Cartwright served as vice chairman of the Joint Chiefs of Staff from August 2007 to August 2011, during which time he held a Top Secret security clearance. *See* Statement of Offense, *United States v. Cartwright*, No. 1:16-cr-00188-RJL ("*Cartwright*") (D.D.C. filed Oct. 17, 2016), ECF No. 4 (the "Statement of Offense") at 1.

8. In October 2016, Cartwright pled guilty in this Court to a single count of making a materially false, fictitious, and fraudulent statement and representation to federal investigators in violation of 18 U.S.C. § 1001(a)(2). *See* Plea Agreement, *Cartwright* (D.D.C. filed Oct. 17, 2016), ECF No. 5 (the "Plea Agreement"). Cartwright was scheduled to be sentenced on January 31, 2017. On January 17, 2017, President Obama pardoned Cartwright. *See See* Justin Sink, *Obama Commutes Sentence of Chelsea Manning and Former General*, Bloomberg (Jan. 17, 2017), *available at* http://bloom.bg/2iyJKs2.

9. Cartwright's indictment and subsequent guilty plea arose out of a government investigation into Cartwright's communications with at least two reporters: David Sanger of *The New York Times* and Daniel Klaidman, then of *Newsweek*. *See* Information, *Cartwright* (D.D.C. filed Oct. 13, 2016), ECF No. 1 (the "Information"); Statement of Offense; *see also* Charlie Savage, *James Cartwright, Ex-General, Pleads Guilty in Leak Case*, N.Y. Times (Oct. 17, 2016), *available at* http://nyti.ms/2ec7MGm. According to the Statement of Offense to which Cartwright pled guilty, in February 2012 Cartwright confirmed classified information to Klaidman, who included the information in an article. *See id*. at 4. The Statement of Offense also stated that between January and June 2012, Cartwright provided and confirmed classified information to Sanger, who included the classified information in an article and in a book. *See* Statement of Offense at 3–4.

10. On June 8, 2012, then Attorney General Eric Holder appointed two United States attorneys to investigate the disclosures. *See* Charlie Savage, *Holder Directs U.S. Attorneys to Track Down Paths of Leaks*, N.Y. Times (Jun. 8, 2012) *available at* https://nyti.ms/1nFe2HX. According to the Statement of Offense, in November 2012, Cartwright agreed to an interview with the Federal Bureau of Investigation (FBI). The Statement of Offense states that Cartwright made two false statements during that interview. First, the Statement of Offense states that after investigators showed Cartwright a list of quotes and statements from Sanger's book, Cartwright falsely told investigators that he was not the source of any of the quotes or statements, and that he did not provide or confirm classified information to Sanger. *See* Statement of Offense at 5. Second, the Statement of Offense states that Cartwright falsely told investigators that he never discussed an unnamed country with Klaidman, when he had, in fact, confirmed classified information regarding that country in an email to Klaidman. *Id*.

11.     In his Sentencing Memorandum filed with the Court, Cartwright stated that he had a second interview with the FBI in November 2012 and corrected the aforementioned misstatements.  *See* Defendant's Sentencing Memorandum, *Cartwright* (D.D.C. filed Jan. 10, 2017), ECF No. 14 at 5 ("Defendant's Sentencing Memorandum").  He further stated that he did not initiate conversations with Klaidman and Sanger, did not offer to obtain information for them, and agreed to communicate with them primarily to dissuade them from publishing highly sensitive national secrets.  *See* Defendant's Sentencing Memorandum at 10–11.

12.     Documents filed with the Court in the Cartwright prosecution indicate that the government obtained search warrants, and may have obtained pen register and/or trap and trace orders and Section 2703(d) orders from the district court in the course of its investigation of Cartwright.  *See* Government's Sentencing Memorandum, *Cartwright* (D.D.C. filed Jan. 10, 2017), ECF No. 15 at 5 (the "Government's Sentencing Memorandum") (noting that the government obtained a search warrant for Cartwright's personal email account).

13.     The Information and Statement of Offense filed with the Court state that Cartwright provided and confirmed classified information to Sanger between January and June 2012, and confirmed classified information to Klaidman in February 2012.  *See* Information; Statement of Offense at 3–4.  Moreover, the Government's Sentencing Memorandum and other filings reference emails sent from Cartwright to Klaidman and email communications between Cartwright and Sanger.  *See* Information; Statement of Offense at 5; Government's Sentencing Memorandum at 5.  These filings indicate that the government, as part of its investigation of Cartwright, may have utilized electronic surveillance tools to target journalists' communications records.

14. The Reporters Committee, however, is not aware of any search warrants, orders authorizing the use of pen registers and/or trap and trace devices, or Section 2703(d) orders, or any applications or other materials related thereto, connected to the Cartwright Matter that have been unsealed.

15. As explained more fully in the accompanying Memorandum of Points and Authorities, the press and the public have a right of access to these judicial records under both the First Amendment and common law.  No compelling government interest justifies the continued sealing of such records concerning the Cartwright Matter, particularly now that the government's investigation and prosecution of Cartwright has concluded.

## REQUEST FOR RELIEF

16. The Reporters Committee seeks an order unsealing the Search Warrant Materials. Upon information and belief, each search warrant application filed by the government related to the Cartwright Matter was assigned a unique docket number, but no listing of these docket numbers is publicly available.  Accordingly, in addition to seeking unsealing of the relevant dockets, and to facilitate the Court's resolution of this Application, the Reporters Committee also requests that the United States Attorney's Office be directed to provide a list of the docket numbers associated with the Search Warrant Materials.

17. The Reporters Committee also seeks an Order unsealing the PR/TT Materials. Upon information and belief, each application for an order authorizing the use of a pen register or trap and trace device filed by the government related to the Cartwright Matter was assigned a unique docket number, but no listing of these docket numbers is publicly available. Accordingly, in addition to seeking unsealing of the relevant dockets, and to facilitate the Court's resolution of this Application, the Reporters Committee also requests that the United States

Attorney's Office be directed to provide a list of the docket numbers associated with the PR/TT Materials.

18. The Reporters Committee also seeks an Order unsealing the Section 2703(d) Materials. Upon information and belief, each application for an order pursuant to 18 U.S.C. § 2703(d) filed by the government related to the Cartwright Matter was assigned a unique docket number, but no listing of these docket numbers is publicly available. Accordingly, in addition to seeking unsealing of the relevant dockets, and to facilitate the Court's resolution of this Application, the Reporters Committee also requests that the United States Attorney's Office be directed to provide a list of the docket numbers associated with the Section 2703(d) Materials.

19. The Reporters Committee seeks any further relief that the Court deems just and proper.

## ORAL ARGUMENT REQUESTED

20. The Reporters Committee respectfully requests oral argument.

Dated: January 23, 2017                                  Respectfully submitted,

*/s Katie Townsend*
Katie Townsend
D.C. Bar No. 1026115
Bruce D. Brown
D.C. Bar No. 457317
THE REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1250
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org
bbrown@rcfp.org
*Counsel of Record for Applicant the Reporters Committee for Freedom of the Press*

## CERTIFICATE OF SERVICE

  I hereby certify that the foregoing **APPLICATION FOR ACCESS TO CERTAIN SEALED RECORDS** was filed with the Clerk of Court using the CM/ECF system, and served on counsel for the following via email and U.S. Mail:

| | |
|---|---|
| Clifford M. Sloan | Leo J. Wise |
| Gregory Bestor Craig | United States Attorney's Office for the District |
| Brendan B. Gants |  of Maryland |
| Skadden, Arps, Slate, Meagher & Flom LLP | 36 South Charles Street |
| 1440 New York Avenue, NW | Baltimore, MD 21210 |
| Suite 600 | |
| Washington, DC 20005 | |
| *Attorneys for Defendant* | |
| *James E. Cartwright* | |

This the 23rd day of January, 2017.

                */s Katie Townsend*
                 Katie Townsend